18 F.3d 953
 305 U.S.App.D.C. 193
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of AMERICA, Appellee
v.
Santos Romero CALDERON Appellant.
 No. 92-3052.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 18, 1994.
 
 Before: MIKVA, Chief Judge, EDWARDS and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the judgment of conviction in the District Court, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir., Rule 36(b).
 
 
 2
 None of appellant's contentions in this case rises to the level of reversible error. Appellant claims that the prosecution made remarks which allegedly appealed to the jury's potential ethnic bias, and that the testimony of two Government witnesses was inadmissible hearsay. Trial counsel did not object to the admission of these statements in the District Court, and we hold that they did not amount to plain error. See United States v. Olano, 113 S.Ct. 1770 (1993).
 
 
 3
 Appellant's trial counsel did object to the District Court's admission of testimony by the Government's cooperating witness which appellant contends was "other crimes" evidence inadmissible under FED.R.EVID. 404(b). However, we hold that the testimony in question was offered to prove intent, not to show a propensity to criminal activity, and so was admissible under Rule 404(b). See United States v. Miller, 895 F.2d 1431, 1436 (D.C.Cir.), cert. denied, 498 U.S. 825 (1990) ("[U]nder Rule 404(b), any purpose for which bad-acts evidence is admitted is a proper purpose so long as the evidence is not offered solely to prove character."). We also hold that the District Court's balancing of the probativeness and potential prejudice of this evidence under FED.R.EVID. 403 did not amount to a "grave abuse of discretion" warranting reversal of appellant's conviction. See United States v. Johnson, 970 F.2d 907, 912 (D.C.Cir.1992).
 
 
 4
 Finally, the District Court's instruction to the jury equating "reasonable doubt" with "strong belief" was not plain error given that this case was tried before this court's decision in United States v. Merlos (I), 984 F.2d 1239 (D.C.Cir.1993). See United States v. Merlos (II), No. 91-3213, (D.C.Cir. Nov. 5, 1993). Accordingly, it is
 
 
 5
 Ordered and Adjudged, by the Court, that the judgment of the District Court is affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).